**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | |
|---|---|
| SANDRA SIMON,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES EAST, LP,<br><br>Defendant. | CIVIL ACTION NO.: 2:25-cv-28 |

## ORDER

Defendant filed a Motion to Compel directed at non-party Jacksonville Outpatient Surgery Center ("JOSC"). Doc. 40. Defendant states that it served a subpoena on JOSC in October 2025. Id. at 2. Defendant explains that it has still not received the documents it requested. Plaintiff did not file a response.

The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). When a party serves a subpoena on a non-party to produce documents, the non-party may object either before the time specified for compliance or 14 days after the subpoena is served, whichever is earlier. If the non-party objects, "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i); see Fed. R. Civ. P. 34(c) ("[A] nonparty may be compelled to produce documents and tangible things or to permit an inspection."). A non-party waives objections if it does not

timely object to the subpoena. See Stringer v. Ryan, No. 08-21877, 2009 WL 3644360, at *1 (S.D. Fla. Oct. 30, 2009) (collecting cases).

On October 1, 2025, Defendant properly sent a subpoena to JOSC. Doc. 40-3. Defendant represents that JOSC has not completely responded to the subpoena. Doc. 40 at 2–3. Because JOSC was served with the subpoena and failed to respond to the subpoena or object, any objections are waived. Defendant represents that the documents it seeks are "relevant to a case in which a significant issue is the reasonableness of the cost of the medical care received as the disputed fees comprise over half of Plaintiff's past special damages." Id. at 6–7. Defendant has demonstrated that the documents sought are relevant to its defense and that an order compelling production of the documents is appropriate. Thus, I **GRANT** Defendant's Motion to Compel and **ORDER** JOSC to produce to Defendant the requested documents **no later than 14 days from the date of this Order**.

**SO ORDERED**, this 27th day of August, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA